**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

No. 12-30529

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GERARD DUGUE

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Gerard Dugue was charged with participating in the cover-up of the Danzinger Bridge shootings in New Orleans following Hurricane Katrina, and brought to trial in early 2012. Near the conclusion of his trial, the prosecutor violated two pre-trial rulings on motions in limine that prohibited her from mentioning the case involving the death of Raymond Robair. Dugue sought and was granted a mistrial. Dugue further moved to bar retrial on the basis of

No. 12-30529

double jeopardy. The district court denied the motion to bar retrial and Dugue appeals. We AFFIRM the ruling of the district court.

## FACTS AND PROCEEDINGS

Dugue was a police investigator who worked on a number of high profile cases. His indictment related to his Danzinger Bridge investigation, but he had also previously investigated the unrelated Raymond Robair police misconduct incident in which Robair died while in police custody. The two New Orleans Police Department officers who held Robair were ultimately convicted in 2011 for their misconduct. Dugue was never charged with any wrongdoing in the Robair case.

Prior to trial, the district judge excluded evidence related to Robair under Federal Rule of Evidence 404(b). When the government later filed its exhibit list, Dugue's police investigation report in the Robair case was included. Dugue moved to exclude the report from evidence and the court granted the motion. Dugue's trial took place from January 23-27, 2012 and ended in a mistrial. The district court granted the mistrial because the prosecutor mentioned the Robair case while cross-examining Dugue. The prosecutor claimed that, by raising his eyebrow and nodding his head, the district judge had given her permission to introduce the Robair case. The district judge disagreed and granted a mistrial so that the mention of the Robair case would not bias the jury against Dugue.

Following the mistrial, the district court rejected Dugue's motion to bar retrial on the basis of double jeopardy, citing *Oregon v. Kennedy*, 456 U.S. 667 (1982), for the proposition that double jeopardy bars retrial when the prosecutor's conduct was intended to 'goad' the defendant into moving for a mistrial. The court then concluded that the prosecutor did not intend to cause a mistrial:

> Applying these principles to the facts and circumstances at hand, and having carefully considered all of the parties' arguments in

No. 12-30529

their memoranda, including Defendant's arguments regarding the Government's pre-trial, during trial, and post-trial conduct, the Court is not persuaded that, in saying "Get me Robair" in front of the jury, prosecutor Barbara Bernstein sought to cause Defendant to seek a mistrial. At a minimum, the Court notes, as reflected by the transcript, the Government's vigorous opposition to Defendant's request for a mistrial and Ms. Bernstein's apparently sincere explanation and apology to the Court for her actions. The Court nonetheless granted Defendant's motion in an abundance of caution, and as a prophylactic measure taken prudently to avoid a potentially serious issue raised on appeal or by post-conviction application.

Record Excerpts of Defendant-Appellant Exhibit C at 2-3, *United States v. Dugue*, No. 12-30529 (5th Cir. July 2, 2012).

Dugue timely appealed and this court expedited the appeal. Retrial before the district court is scheduled to commence October 29, 2012.

## STANDARD OF REVIEW

This court reviews findings of fact by the district court for clear error. *United States v. Campbell*, 544 F.3d 577, 581 (5th Cir. 2008). *See also United States v. Fields*, 72 F.3d 1200, 1209 (5th Cir. 1996) ("We review this double jeopardy claim de novo, although the district court's factual findings are accepted unless clearly erroneous.").

## DISCUSSION

Dugue argues that the district court erred in finding that the prosecutor did not intend to cause a mistrial by mentioning the Robair case after the district court had clearly instructed the government not to bring up the Robair case. He alleges that "[w]here a Government attorney acts with reckless disregard for the Orders of the Court, under circumstances where only a mistrial can cure the resultant prejudice, the intent to cause a mistrial can be inferred." This court has never adopted such a per se rule and we question whether such

a rule would be sufficient to show that the district court clearly erred. Instead, we have followed the Supreme Court's ruling in *Kennedy*.

> In *Kennedy*, the Court made it clear that prosecutorial misconduct alone is not sufficient for a retrial to result in a double jeopardy violation: "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." Retrial is not barred even where the prosecution engages in "intentional misconduct that seriously prejudices the defendant." Once the court determines that the prosecutor's conduct was not intended to terminate the trial, "that is the end of the matter for purposes of the Double Jeopardy Clause of the Fifth Amendment. . . ."

*United States v. Wharton*, 320 F.3d 526, 531-32 (5th Cir. 2003) (internal citations omitted). For Dugue to obtain retrial, he would need to prove that Bernstein's "get me Robair" request was *intended* to cause a mistrial—a factual determination.

The prosecutor displayed overreaching and unprofessional conduct in ignoring the district court's two orders not to discuss the Robair case. Her excuse, that the judge's head nod in response to her raised eyebrow implied permission to introduce previously excluded evidence, is certainly unacceptable. Trial counsel would be wise to heed the judge's advice:

> Don't try to read my eyebrows, come up here and ask me. We have had how many bench conferences in this case and in the other case? Don't you realize to come up here and have a bench conference when you're about to approach something that is the subject of my ruling?

The prosecutor's improper behavior offers a reminder that attorneys should hew closely to the orders excluding evidence and seek clear permission when they are approaching those topics at a later point in trial.

The disposition of Dugue's motion, however, does not hinge on the prosecutor's conduct, but rather on the factual findings of the district court.

No. 12-30529

Dugue's failure to cite any concrete evidence of the government's clear  intent to goad him into seeking a mistrial, coupled with the district court's factual finding that the government's improper actions were not intended to create a mistrial, provide insufficient basis for this court to find clear error.

## CONCLUSION

Dugue cannot show that the district court clearly erred in finding that the prosecutor did not intend to cause a mistrial when she said "get me Robiar."  In the absence of such a showing, we affirm the judgment of the district court denying the motion to bar retrial.